IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEAMPRET LEON MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:20-CV-194-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Before the court is the Government's Motion to Dismiss Petitioner Deampret Leon Miller's § 2255 Motion Without Prejudice.  (CIV Doc. # 10.)[1]  As explained below, the Government's Motion to Dismiss will be granted, and Mr. Miller's § 2255 motion will be dismissed without prejudice.

On March 11, 2020, the court sentenced Mr. Miller to 180 months in prison on his conviction for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Just over a week later, on March 19, 2020, Mr. Miller filed a motion with this court seeking relief under 28 U.S.C. § 2255 based on the alleged ineffective assistance of his trial counsel.  (CIV Doc. # 1.)  The court entered an

---

[1] References to document numbers assigned by the Clerk in this civil action are designated as "CIV Doc. #."  References to document numbers assigned by the Clerk in the underlying criminal case, No. 1:17-CR-11-WKW, are designated as "CR Doc. #."

order directing the Government to respond to Mr. Miller's § 2255 motion. (CIV Doc. # 2.)

On April 16, 2020, before the Government responded to the § 2255 motion, Mr. Miller filed a motion in his criminal case seeking leave to file an out-of-time notice of appeal from his conviction and sentence. (CR Doc. # 186.) On April 24, 2020, the court granted Mr. Miller's motion for leave to file an out-of-time notice of appeal. (CR Doc. # 189; [CIV Doc. # 10-1].) On the same day, Mr. Miller filed a notice of appeal. (CR Doc. # 191; [CIV Doc. # 10-2].) Thereafter, Mr. Miller's appeal was docketed with the Eleventh Circuit, and his appeal now is pending in that court. *See United States v. Miller*, No. # 20-11558 (11th Cir. Apr 24, 2020).

In its Motion to Dismiss, the Government argues that the pendency of Mr. Miller's direct appeal deprives the court of jurisdiction over his § 2255 motion and that this court should dismiss the § 2255 motion without prejudice. (CIV Doc. # 10 at 3–4.) The Government's argument is well taken. A district court lacks jurisdiction over a petitioner's § 2255 motion during the pendency of the petitioner's direct appeal. *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990); *see also United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for

habeas relief. . . . [T]he district court should have dismissed [the] . . . motion as premature.").

Because Mr. Miller's direct appeal is pending in the Eleventh Circuit, the court lacks jurisdiction to consider his § 2255. Accordingly, it is ORDERED as follows:

(1) The Government's Motion to Dismiss Petitioner Miller's § 2255 Motion Without Prejudice (CIV Doc. # 10) is GRANTED; and

(2) Mr. Miller's § 2255 motion (CIV Doc. # 1) is DISMISSED WITHOUT PREJUDICE.

Mr. Miller may refile his § 2255 motion upon the conclusion of proceedings in his direct appeal.

A final judgment will be entered separately.

DONE this 12th day of May, 2020.

                              /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE